**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X
**CHANGXING LI, GUOMIN LI, JIAN LI,**
**YUXIANG WANG, and MIN ZHANG, on behalf**
**of themselves and others similarly situated,**

                                       Case No.: 1:15-cv-07554-GBD-AJP

                 Plaintiffs,

           v.

**KAI XIANG DONG, LING LIN, IRON SUSHI**
**THIRD AVENUE, INC. d/b/a IRON SUSHI,**
**IRON SUSHI LOVE, INC. D/B/A IRON SUSHI,**
**IRON SUSHI FUSION, INC. d/b/a IRON SUSHI,**

                 Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X


**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 55(B)(2)**

## TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT ....................................................................................1

PROPOSED FINDINGS OF FACT .............................................................................2

PROPOSED CONCLUSION OF LAW .........................................................................8
    Jurisdiction and Venue.........................................................................................8
    Defendants Are Plaintiffs' Employer..................................................................9
    Applicable Limitations Periods..........................................................................10

ARGUMENT ...............................................................................................................11

    I.      LEGAL STANDARD............................................................................11
          A.     Default Judgment ......................................................................11
          B.     The Well-Pleaded Allegations in the Complaint
                      Must Be Accepted as True .........................................................11

    II.     DEFENDANTS ARE IN DEFAULT .....................................................13

    III.    DEFENDANTS ARE LIABLE TO PLAINTIFFS................................16

    IV.   THE COURT MAY SET DAMAGES WITHOUT AN IN PERSON INQUEST 16

    V.    PLAINTIFFS' DAMAGES CALCULATION.......................................17

          A.     Plaintiffs May Recover Unpaid Wages at the Ordinary, Statutorily
                 Prescribed Minimum Wage and Overtime Rates....................................17
                1.      Defendants Are Not Entitled To A "Tip Credit." .........................18
                2.      The Applicable Minimum Wage Should Be the Higher of
                      the Federal and State Minimum Wage for the
                      Relevant Time Period ........................................................20

          B.     Trade Tools or Bicycles .........................................................21

          C.     Statutory Damages under WTPA ............................................21

          D.     Plaintiffs Are Entitled to Liquidated Damages under FLSA and NYLL...22
                1.      FLSA Liquidated Damages..........................................................22
                 2.      NYLL Liquidated Damages.........................................................23

          E.     Plaintiffs Are Entitled To Prejudgment Interest on Their NYLL Claims..25

    VI.   REASONABLE ATTORNEYS' FEES AND COSTS .........................27

CONCLUSION.............................................................................................................31

Plaintiffs, CHANGXING LI, GUOMIN LI, JIAN LI, YUXIANG WANG, and MIN ZHANG (hereinafter referred to collectively as "**Plaintiffs**"), *by and through their undersigned counsel*, DAVID YAN, ESQ., submit this Memorandum of Law in Support of their motion for entry of a default judgment against defendants, KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI (hereinafter sometimes referred to collectively as "**Defendants**"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs are entitled to judgment by default under Rule 55(b) because Defendants KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI have not appeared in this action nor answered the pleadings, and the Clerk of the Court, accordingly, has entered a default against Defendants KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI.  (*See* David Yan's Declaration, hereinafter referred to as Yan Decl. ¶¶ 9, 10, 11, 12 and 13; **Ex. E**, Clerk's Certificate of Default (Dkt. 50.))

Plaintiffs brought this action to recover Defendants' failure to meet the standards for minimum wage, overtime compensation, and "out-of-pocket" costs and expenses of purchasing and maintaining the Plaintiffs' electric bicycles in working conditions for the sole benefit of Defendants under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.,* as well as minimum wage, overtime, and "spread-of-hours" compensations under the New York Labor

Law § 650 *et seq.* ("NYLL"), and New York statutory damages for invalid notice and invalid wage statement under the Wage Theft Prevention Act of New York State. ("WTPA").

The factual allegations in the Complaint fully support each of the alleged causes of action. (*See generally,* **Ex. A,** Compl.; **Ex. C,** First Amended Compl.; **Ex. G**, C. Li Decl.; **Ex. H**, G. Li Decl.; **Ex. I**, J. Li Decl.; **Ex. J**, Wang Decl.; **Ex. K**, Zhang Decl.)  Where, as here, a party is in default, the Court should accept the plaintiffs' allegations of fact as true.  *See, e.g., Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir. 1993) ("factual allegations are taken as true in light of the general default judgment").  Plaintiffs have sufficiently established the basis for their request for damages through their submissions.

## PROPOSED FINDS OF FACT

### Plaintiffs

1.      Plaintiffs are former employees of Defendants, KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI, located at 440 Third Avenue, New York, New York 10016 (collectively as the "Defendants").  (*See* **Ex. A,** Compl. at ¶ 9; **Ex. C,** First Amended Compl. at ¶ 9; **Ex. G**, C. Li Decl. at ¶ 2; **Ex. H**, G. Li Decl. at ¶ 2; **Ex. I**, J. Li Decl. at ¶ 2; **Ex. J**, Wang Decl. at ¶ 2; **Ex. K**, Zhang Decl. at ¶ 2.)

2.      Plaintiff Changxing LI was employed as a delivery person by the Defendants at their Iron Sushi restaurant located at 440 Third Avenue, New York, New York 10016 from approximately April 15, 2012 until August 17, 2015.  During his employment with defendants, he took vacation from approximately March 3, 2014 to April 16, 2014 and March 1, 2015 to April 16, 2015.  During his employment with defendants, he worked either six full days a week or seven days a week with two half days off on Monday and Saturday, from 10:30 a.m. to 10:00

p.m. or from 11:30 a.m. to 11:00 p.m. during his full day's scheduled and from 5:30 p.m. to 11:30 p.m. during the half day schedule.  (*See* **Ex. C,** First Amended Compl. at ¶ 11; **Ex. G**, C. Li Decl. at ¶ 2.)

3.     Plaintiff Guomin LI was employed as a delivery person by the Defendants at their Iron Sushi restaurant located at 440 Third Avenue, New York, New York 10016 from approximately October 1, 2011 until July 5, 2015.  During his employment with defendants, he took vacation from approximately April 8, 2015 to May 18, 2015.  During his employment with defendants, he worked six full days a week from 10:30 a.m. to 10:00 p.m. with Saturday off. (*See* **Ex. C,** First Amended Compl. at ¶ 12; **Ex. H**, G. Li Decl. at ¶ 2.)

4.     Plaintiff Jian LI was employed as a delivery person by the Defendants at their Iron Sushi restaurant located at 440 Third Avenue, New York, New York 10016 from approximately September 15, 2013 until August 9, 2014 and then from September 7, 2014 to December 31, 2014.  During his employment with defendants, he worked either six full days a week or seven days a week with two half days off on Monday and Saturday, from 10:30 a.m. to 10:00 p.m. or from 11:30 a.m. to 11:00 p.m. during his full day's scheduled and from 5:30 p.m. to 11:30 p.m. during the half day schedule.  (*See* **Ex. C,** First Amended Compl. at ¶ 13; **Ex. I**, J. Li Decl. at ¶ 2.)

5.     Plaintiff Yuxiang WANG was employed as a delivery person by the Defendants at their Iron Sushi restaurant located at 440 Third Avenue, New York, New York 10016 from approximately June 10, 2012 to September 15, 2012 and then from approximately February 3, 2013 to August 15, 2015.  During his employment with defendants, he took vacation from approximately April 6, 2015 to June 10, 2015.  During his employment with defendants, he worked seven days a week with two half days off on Tuesday and Friday, from 10:30 a.m. to

10:00 p.m. or from 11:30 a.m. to 11:00 p.m. during his full day's scheduled and from 5:30 p.m. to 11:30 p.m. during the half day schedule.  (*See* **Ex. C,** First Amended Compl. at ¶ 14; **Ex. J,** Wang Decl. at ¶ 2.)

6.      Plaintiff Min ZHANG was employed as a delivery person by the Defendants at their Iron Sushi restaurant located at 440 Third Avenue, New York, New York 10016 from approximately May 1, 2014 to August 28, 2015.  During his employment with defendants, he worked either six full days a week or seven days a week with two half days off on Monday and Saturday, from 10:30 a.m. to 10:00 p.m. or from 11:30 a.m. to 11:00 p.m. during his full day's scheduled and from 5:30 p.m. to 11:30 p.m. during the half day schedule.  (*See* **Ex. C,** First Amended Compl. at ¶ 15; **Ex. K**, Zhang Decl. at ¶ 2.)

**Defendants**

7.      IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, and IRON SUSHI FUSION, INC. d/b/a IRON SUSHI are domestic business corporations organized and existing under the laws of the State of New York and located at 440 Third Avenue, New York, New York 10016 ("Corporate Defendants").  (*See* **Ex. C,** First Amended Compl. at ¶¶ 20, 21, and 22.)

8.      Defendant KAI XIANG DONG is the owner and President and CEO of the Corporate Defendants, owns controlling stock interests of the corporate defendants, has actively participated in the day-to-day operations of Corporate Defendants' restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants. Defendant KAI XIANG DONG is liable individually in his capacity as an employer.  (*See* **Ex. C,**

First Amended Compl. at ¶¶ 16 and 17; **Ex. G**, C. Li Decl. at ¶ 2; **Ex. H**, G. Li Decl. at ¶ 2; **Ex. I**, J. Li Decl. at ¶ 2; **Ex. J**, Wang Decl. at ¶ 2; **Ex. K**, Zhang Decl. at ¶ 2.)

9.      Defendant KAI XIANG DONG has the power to hire and fire Plaintiffs who worked for the Corporate Defendants, control their terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiffs.  (*See* **Ex. C,** First Amended Compl. at ¶¶ 16 and 17; **Ex. G**, C. Li Decl. at ¶ 3; **Ex. H**, G. Li Decl. at ¶ 3; **Ex. I**, J. Li Decl. at ¶ 3; **Ex. J**, Wang Decl. at ¶ 3; **Ex. K**, Zhang Decl. at ¶ 3.)

10.     Defendant LING LIN is the owner, shareholder, officer, director and/or managing agent of corporate defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, and IRON SUSHI FUSION, INC. d/b/a IRON SUSHI and their restaurant located at 440 Third Avenue, New York, New York 10016, owns controlling stock interests of corporate defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, and IRON SUSHI FUSION, INC. d/b/a IRON SUSHI and their restaurant, has actively participated and continues to actively participate in the day-to-day operations of corporate defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, and IRON SUSHI FUSION, INC. d/b/a IRON SUSHI and their restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.  Defendant LING LIN is liable individually in her capacity as an employer.  (*See* **Ex. C,** First Amended Compl. at ¶¶ 18 and 19.)

11.     Defendant LING LIN has the power to hire and fire Plaintiffs who worked for the Corporate Defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, and IRON SUSHI FUSION, INC. d/b/a IRON SUSHI's restaurant, control their terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiffs.  (*See* **Ex. C,** First Amended Compl. at ¶¶ 18 and 19.)

**Defendants' Failure to Pay Plaintiffs in Accordance with the Law**

12.     All five Plaintiffs worked at the Defendants' restaurant d/b/a IRON SUSHI located at 440 Third Avenue, New York, New York 10016 as delivery employees.  (*See* **Ex. A,** Compl. at ¶ 9; **Ex. C,** First Amended Compl. at ¶ 9; **Ex. G,** C. Li Decl. at ¶ 2; **Ex. H,** G. Li Decl. at ¶ 2; **Ex. I,** J. Li Decl. at ¶ 2; **Ex. J,** Wang Decl. at ¶ 2; **Ex. K,** Zhang Decl. at ¶ 2.)  They either worked for eleven and a half of hours (11.50 hours) per day for six full days or worked for eleven and a half of hours (11.50 hours) per day for five full days and then six hours (6 hours) per day for the sixth day and seventh day for the sum of at least sixty nine hours (69 hours) per week.  (*See* **Ex. A,** Compl. at ¶¶ 11, 12, 13, 14, 15, 47, 48, 49, 50, and 51; **Ex. C,** First Amended Compl. at ¶¶ 11, 12, 13, 14, 15, 48, 49, 50, 51 and 52; **Ex. G,** C. Li Decl. at ¶ 3; **Ex. H,** G. Li Decl. at ¶ 3; **Ex. I,** J. Li Decl. at ¶ 3; **Ex. J,** Wang Decl. at ¶ 3; **Ex. K,** Zhang Decl. at ¶ 3.)  In either case, they always worked more than sixty nine hours (69 hours) per week, and usually worked more than eleven and a half of hours (11.50) per day.  (*Id.*)  Despite their grueling schedules, Defendants only paid Plaintiffs the derived rate of $3.65 per hour.  (*Id.*)  Defendants paid Plaintiffs only cash without any payment statement.  (*See* **Ex. G,** C. Li Decl. at ¶¶ 3, 10; **Ex. H,** G. Li Decl. at ¶¶ 3, 10; **Ex. I,** J. Li Decl. at ¶¶ 3, 10; **Ex. J,** Wang Decl. at ¶¶ 3, 10; **Ex. J,** Zhang Decl. at ¶¶ 3, 10.)

13.     During their employment with Defendants, Plaintiffs spent at least two (2) hours per day or more than 20% of amount of time in engaging in such non-tip producing activities or side works without earning any tip.  (*See* **Ex. A,** Compl. at ¶ 43;  **Ex. C,** First Amended Compl. at ¶ 44; **Ex. G,** C. Li Decl. at ¶ 4; **Ex. H,** G. Li Decl. at ¶ 4; **Ex. I** J. Li Decl. at ¶ 4; **Ex. J**, Wang Decl. at ¶ 4; **Ex. K**, Zhang Decl. at ¶ 4.)  Defendants never informed Plaintiffs that Defendants intended to take tip credits against the wages paid to Plaintiffs.  (*See* **Ex. A,** Compl. at ¶ 57; **Ex. C,** First Amended Compl. at ¶ 58; **Ex. G,** C. Li Decl. at ¶ 8; **Ex. H,** G. Li Decl. at ¶ 8; **Ex. I**, J. Li Decl. at ¶ 8; **Ex. J**, Wang Decl. at ¶ 8; **Ex. K**, Zhang Decl. at ¶ 8.)

14.     Defendants also illegally required Plaintiffs to purchase and maintain trade tools or electric bicycles in the cost of more than $1,350.00 per year ($1,400.00 to purchase an electric bicycle that could be used for two years' life, $450.00 to purchase a battery per year, and $200.00 for the yearly maintenance costs) in order to work in the Defendants' restaurant for the sole benefit of the Defendants.  (*See* **Ex. A,** Compl. at ¶¶ 66, 67, 68, 69, 85, 121, 122, 123, and 124; **Ex. C,** First Amended Compl. at ¶ 67, 68, 69, 70, 96, 129, 130, 131, 132, 133, 134, and 135; *see* **Ex. G**, C. Li Decl. at ¶ 7; **Ex. H**, G. Li Decl. at ¶ 7; **Ex. I**, J. Li Decl. at ¶ 7; **Ex. J**, Wang Decl. at ¶ 7; **Ex. K**, Zhang Decl. at ¶ 7.)

**Defendants' Failure to Maintain Records and Provide Notices**

15.     Defendants failed to maintain accurate and sufficient time records.  (*See* **Ex. A,** Compl. at ¶¶ 38-39, 73; **Ex. C,** First Amended Compl. at ¶¶ 39-40, 74.)

16.     Defendants never posted in the restaurant any notice and never informed Plaintiffs regarding the minimum wage or overtime laws as required by the FLSA and the NYLL. Defendants never provided any payment statement listing the accurate information of the plaintiffs' payment period, the hours worked, and rate of pay.  Defendants never provided Plaintiffs any Notice and Acknowledgement of Pay Rate and Payday. (*See* **Ex. A,** Compl. at

7

¶¶ 56-57, 70-72; **Ex. C,** First Amended Compl. at ¶¶ 57-58, 71-73. **Ex. G**, C. Li Decl. at ¶¶ 8-11; **Ex. H**, G. Li Decl. at ¶¶ 8-11; **Ex. I**, J. Li Decl. at ¶¶ 8-11; **Ex. J**, Wang Decl. at ¶¶ 8-11; **Ex. K**, Zhang Decl. at ¶¶ 8-11.)

**Defendants' Default**

17.     Defendants were properly served with the Summons and Complaint as well as Summons, Amended Summons and First Amended Complaint in this matter.  (Yan Decl. ¶¶ 4, 7 and 8; **Ex. B,** Affidavits of Service; **Ex. D,** Affidavits of Service on defendants KAI XIANG DONG and LING LIN; **Ex. E,** Affidavits of Service on defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, and IRON SUSHI FUSION, INC. d/b/a IRON SUSHI.)

18.     Defendants failed to plead or otherwise respond to the Complaint.  (Yan Decl. ¶¶ 5, 9-12.)

19.     On December 9, 2016, the Clerk of this Court entered a default against the defendants KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI pursuant to Rule 55(a) of the Federal Rule of Civil Procedure.  (Yan Decl. ¶ 13; **Ex. F**, Clerk's Certificate of Default.)

## PROPOSED CONCLUSION OF LAW

**Jurisdiction and Venue**

1.     This Court has subject matter jurisdiction over the Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.  (*See* **Ex. A,** Compl. at ¶ 5; **Ex. C,** First Amended Compl. at ¶ 5.)

2.    This Court has supplemental jurisdiction over the Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  (*See* **Ex. A,** Compl. at ¶ 6; **Ex. C,** First Amended Compl. at ¶ 6.)

3.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct businesses in this judicial District, and a substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  (*See* **Ex. A,** Compl. at ¶ 7; **Ex. C,** First Amended Compl. at ¶ 7.)

**Defendants Are Plaintiffs' Employer**

4.    At all relevant times during the Defendants' liability period to Plaintiffs, the Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA in that they (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (ii) had an annual gross volume of sales of not less than $500,000.00.  (*See* **Ex. A,** Compl. at ¶ 22; **Ex. C,** First Amended Compl. at ¶ 23.)

5.    Defendants are proper defendants under the FLSA and the NYLL because they are Plaintiffs' "employers" as defined under those statutes.  *See* 20 U.S.C. § 203(d); N.Y. Lab. Law § 190(3).

6.    Plaintiffs have alleged sufficient facts to show that Defendants have exercised significant and formal control over the employment of the Plaintiffs, which meet all four *Carter* factors to establish that Defendants are the Plaintiffs' employer.  *See Irizarry v. Catsimatidis,*

722 F.3d 99, 114-16 (2d Cir. 2012); *Barfield v. New York City Health and Hosp. Corp.,* 537 F.3d 132, 143 (2d Cir. 2008); *Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999).  (*See* **Ex. C,** First Amended Compl. at ¶¶ 11-15, 16-19, 35-36, 42-45; **Ex. G**, C. Li Decl. at ¶¶ 2-3; **Ex. H**, G. Li Decl. at ¶¶ 2-3; **Ex. I**, J. Li Decl. at ¶¶ 2-3; **Ex. J**, Wang Decl. at ¶¶ 2-3; **Ex. K**, Zhang Decl. at ¶¶ 2-3.)

## Applicable Limitations Periods

- The FLSA's Statute of Limitations is Three Years Because the Violation was Willful

7.      "The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years."  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (*citing* 29 U.S.C. § 255(a)).  When a defendant defaults, the violation is considered "willful" and the three year statute of limitations applies.  *Blue v. Finest Guard Servs., Inc.*, No. 09 Civ. 133, 2010 U.S. Dist. LEXIS 73223, at *33 (E.D.N.Y. June 24, 2010); *see also Whitehorn, et al. v. Wolfgang's Steakhouse, Inc., et al.,* 767 F. Supp. 2d 445, 449 (SDNY 2011).

8.      Here, Plaintiffs have alleged that Defendants' failure to pay them in accordance with the FLSA and NYLL was willful (**Ex. C,** First Amended Compl. at ¶¶ 10-15, 25-26, 39-40, 57-58, 71-78, 85-88, 95-101, 105-108, 113-14, 118), and Defendants' default is deemed an admission of those allegations.  *See Mendez v. Nooch, Inc.,* 07 Civ. 11174 (LLS), 2009 U.S. Dist. LEXIS 25114 at *11 (S.D.N.Y. Mar. 5, 2009) (extending the limitations period to three years against Defendants who had defaulted, citing allegations in the complaint that Defendants had willfully violated the FLSA); *Gesualdi,* 2010 U.S. Dist. LEXIS 96319, at 4 & n.7.

- The NYLL Statute of Limitations is Six Years

9.      The statute of limitations for Plaintiffs' claims brought under the NYLL is six years, which encompasses each Plaintiffs entire period of employment.  NYLL §§ 198(3), 663(3).

*See Wicaksono v. XYZ 48* Corp*.,* No. 10 Civ. 3635, 2011 U.S. Dist. LEXIS 55771, at \*8-9 (S.D.N.Y. May 2, 2011), *adopted by* 2011 U.S. Dist. LEXIS 55734 (S.D.N.Y. May 24, 2011).

**ARGUMENT**

## I.   LEGAL STANDARD

### A.   Default Judgment.

"[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v.1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted); *Gesuald v. MBM Indus.,* 10-cv-2607 (BMC), 2010 U.S. Dist. LEXIS 96319, at \*2 (E.D.N.Y. Sept. 13, 2010) ("In light of defendants' default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true.")  "A factual allegation will be deemed not well-pleaded only in 'very narrow, exceptional circumstances.'" *Pereira v. J Sisters Hair Care Prods.,* 08-Civ.-4537(GBD)(RLE), 2010 U.S. Dist. LEXIS 53137, at \*4 (Apr. 5, 2010), *adopted by,* 2010 U.S. Dist. LEXIS 53249 (S.D.N.Y. June 1, 2010).

### B.   The Well-Pleaded Allegations in the Complaint Must Be Accepted as True.

Under the FLSA, an employee seeking to recover unpaid wages "has the burden of proving that he performed work for which he was not properly compensated."  *Wicaksono*, 2011 U.S. Dist. 55771, at \*5 (citation omitted).  An employer, however, has a burden under state and federal law to maintain records of the wages, hours, and persons employed by him.  *Id.*  Where the employer fails to meet this burden, a plaintiff may meet his or her burden of establishing how many hours he or she worked "by relying solely on his or her recollection."  *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005); Rivera v. Ndola Pharm. Corp., 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007).  Specifically, a plaintiff's affidavit that states the number of hours worked is sufficient.  *See generally Wicaksono,* 2011 U.S. Dist. LEXIS 55771.

11

While employees seeking unpaid wages under the FLSA usually bear the initial burden of proving that they performed work for which they were not properly compensated, courts are mindful of the fact that "it is the employer who has the duty . . . to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946).

Thus, "[w]here an employer fails to keep and preserve the proper records, the Supreme Court has established a burden-shifting approach for making determinations of fact concerning wages paid and hours worked." *Jin v. Pac. Buffet House, Inc.,* CV-06-579 (VVP), 2009 U.S. Dist. LEXIS 74901, at *15 (E.D.N.Y. Aug. 24, 2009).   The employee does not need documentary evidence to satisfy his burden; he can rely on his recollection alone.  *See, e.g., id.; Magnani v. Smith & Laquercia, LLP,* 661 F. Supp. 2d 412 (S.D.N.Y. 2009); *Rivera v. Ndola Pharm. Corp.,* 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007); *Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005).  "[T]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records." *Rivera,* 497 F. Supp. 2d at 389 (quoting *Anderson,* 328 U.S. at 688).  Where, as here, the employer is in default, plaintiffs are similarly permitted to rely on their recollections to establish damages. "[B]y defaulting, defendants have deprived the plaintiffs of the necessary employee records required by FLSA, thus hampering plaintiffs' abilities to prove their damages."  *Da Silva v. Bennet Street Development Corporation,* CV 05-2989 (ARR)(MDG), 2010 U.S. Dist. LEXIS 112832 at *14-15 (E.D.N.Y. Sept. 24, 2010)

"Because Defendants have failed to respond to Plaintiffs' complaint and Plaintiffs' motion for damages, Plaintiffs' testimony as to their employment duties, the hours they worked,

their rate of pay, and Defendants' withholding of compensation are uncontested and [the court will] assume them to be correct for the purpose of this motion." *Kopec v. GMG Constr.,* 09-CV-2187 (KAM) (ALC), 2010 U.S. Dist. LEXIS 104844, at *3 (E.D.N.Y. Sept. 10, 2010), *adopted by,* 2010 U.S. Dist. LEXIS 104842 (E.D.N.Y. Sept. 30, 2010); *Lin v. Hayashi Ya II, Inc.,* 08 Civ. 6071 (SAS) (AJP), 2009 U.S. Dist. LEXIS 12963, at *8 (S.D.N.Y. Jan. 30, 2009), *adopted by,* 2009 U.S. Dist. LEXIS 15513 (S.D.N.Y. Feb. 26, 2009).

## II.   DEFENDANTS ARE IN DEFAULT

Plaintiffs filed their Complaint on September 24, 2015.  (*See* Yan Decl., at ¶ 3.)  Copies of the summons and complaint were served on all Defendants on September 29, 2015 by personally serving upon Angela Lin, a person of suitable age and discretion, and the cashier of the Defendants' restaurant located at 440 Third Avenue, New York, New York 10016.  (*Id.* at ¶ 4.)  A copy of the summons and complaint was also served on defendant IRON SUSHI FUSION, INC. on March 8, 2016 by personally serving upon Nancy Dougherty, an authorized agent in the Office of the Secretary of State, of the State of New York.  (*Id.*)

Defendants' time to file an answer or otherwise move with respect to the complaint herein expired on October 20, 2015.  (See Dkt. 12.)

On August 19, 2016, Plaintiffs filed First Amended Complaint.  (*See* Dkt. 29.)  Amended Summons was issued to defendant KAI XIANG DONG on August 22, 2016.  (*See* Dkt. 34.)  Summons was issued to defendants LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, and IRON SUSHI LOVE, INC. d/b/a IRON SUSHI on August 22, 2016.  (*See* Dkt. 35.)  Amended Summon was issued to defendant IRON SUSHI FUSION, INC. d/b/a IRON SUSHI on September 7, 2016.  (*See* Dkt. 37; **Ex. C,** First Amended Compl.)

A copy of the Amended Summons and First Amended Complaint was served personally on defendant KAI XIANG DONG on August 31, 2016 in his actually dwelling place-usual place

of abode at 40-20 Elbertson Street, Elmhurst, NY 11373, and proof of service was therefore filed on September 20, 2016.   (See Dkt. 38, 39.)   A copy of the Summons and First Amended Complaint was served on defendant LING LIN by personally serving upon KAI XIANG DONG, husband of defendant LING LIN and a person of suitable age and discretion, on August 31, 2016 in her actually dwelling place-usual place of abode at 40-20 Elbertson Street, Elmhurst, NY 11373 and by the U.S. Post mail sent to defendant LING LIN to her actually dwelling place-usual place of abode at 40-20 Elbertson Street, Elmhurst, NY 11373 on September 1, 2016, and proof of service was therefore filed on September 20, 2016.   (See Dkt. 38, 39; **Ex. D,** Affidavit of Services on defendants KAI XIANG DONG and LING LIN.)

A copy of the Summons and First Amended Complaint was also served on defendant IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI on September 12, 2016 by personally serving upon Sue Zouky, an authorized agent in the Office of the Secretary of State, of the State of New York, and proof of service was therefore filed on September 20, 2016.   (*See* Dkt. 45, 46.) A copy of the Summons and First Amended Complaint was also served on defendant IRON SUSHI LOVE, INC. d/b/a IRON SUSHI on September 12, 2016 by personally serving upon Sue Zouky, an authorized agent in the Office of the Secretary of State, of the State of New York, and proof of service was therefore filed on September 20, 2016.   (*See* Dkt. 45, 46.)   A copy of the Amended Summons and First Amended Complaint was also served on defendant IRON SUSHI FUSION, INC. d/b/a IRON SUSHI on September 12, 2016 by personally serving upon Sue Zouky, an authorized agent in the Office of the Secretary of State, of the State of New York, and proof of service was therefore filed on September 20, 2016.   (*See* Dkt. 45, 46.)   *See* **Ex. E,** Affidavit of Services on defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI,

14

IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI.

To date, neither Defendants KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI have filed an answer, moved, or otherwise responded or appeared in response to the Plaintiffs' First Amended Complaint in this action. Nor has any attorney noticed any appearance on the Defendants' behalf. (Yan Decl. at ¶ 9.) ("Failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court prose.") (citing *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967) *(per curium).*

Neither Plaintiffs nor the Court has granted Defendants KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI an extension of time to respond to the First Amended Complaint.

Time for defendants KAI XIANG DONG and LING LIN to file an answer or otherwise move with respect to the First Amended Complaint herein expired on September 21, 2016. (*See* Dkt. 38, 39.)

Time for defendants IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI, IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI to file an answer or otherwise move with respect to the First Amended Complaint herein expired on October 3, 2016. (*See* Dkt. 45, 46.)

On December 9, 2016, the Clerk of this Court entered a default against the defendants KAI XIANG DONG, LING LIN, IRON SUSHI THIRD AVENUE, INC. d/b/a IRON SUSHI,

IRON SUSHI LOVE, INC. d/b/a IRON SUSHI, IRON SUSHI FUSION, INC. d/b/a IRON SUSHI pursuant to Rule 55(a) of the Federal Rule of Civil Procedure.  (Yan Decl., at ¶ 13; **Ex. F,** Clerk's Certificate of Default**.**)

   Therefore, Plaintiffs are entitled to an entry of default by virtue of the Defendants' failure to answer the Complaint and the First Amended Complaint or otherwise defend against the lawsuit.  Fed. R. Civ. P. 55(b); *Alston v. Northstar La Guardia LLC,* 10-cv-3611 (LAK)(GWG), 2010 U.S. Dist. LEXIS 90958, at *2 (S.D.N.Y. Sept. 3, 2010).

**III.   <u>DEFENDANTS ARE LIABLE TO PLAINTIFFS</u>**

   According to the well-pleaded allegations in their Complaint and their declaration, each of the Plaintiffs worked at least sixty nine hours (69 hours) per week, and most days worked more than eleven and a half hours (11.50 hours) per day.  (*See* **Ex. A,** Compl. at ¶¶ 10-15; **Ex. C**, First Amended Compl. at ¶¶ 10-15; **Ex. G**, C. Li Decl. at ¶ 3; **Ex. H**, G. Li Decl. at ¶ 3; **Ex. I**, J. Li Decl. at ¶ 3; **Ex. J**, Wang Decl. at ¶ 3; **Ex. K**, Zhang Decl. at ¶ 3.)  Defendants only paid Plaintiffs the derived rate of $3.65 per hour.   (*See* **Ex. A,** Compl. at ¶¶ 47-51; **Ex. C,** First Amended Compl. at ¶¶ 48-52; **Ex. G**, C. Li Decl. at ¶ 3; **Ex. H**, G. Li Decl. at ¶ 3; **Ex. I**, J. Li Decl. at ¶ 3; **Ex. J**, Wang Decl. at ¶ 3; **Ex. K**, Zhang Decl. at ¶ 3.)  Therefore, it is indisputable that Plaintiffs are entitled to (1) the minimum wage for all hours worked, (2) overtime compensation when they worked over forty hours per week, (3) spread-of-hours compensation for those days when their shifts exceeded ten hours.  29 U.S.C. § 206; NYLL § 652; 12 NYCRR § 137-1.7.

**IV.   <u>THE COURT MAY SET DAMAGES WITHOUT AN IN-PERSON INQUEST</u>**

   "The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence 'as long as [the Court has] ensured that there was a basis for the damages specified in [the] default judgment.'"  *Cesario v. BNI Constr.,* No. 07 Civ. 8545, 2008 U.S. Dist.

LEXIS 103155 at *3-4 (S.D.N.Y. Dec. 15, 2008) (quoting *Fustok v. Conti Commodity Servs.,* 873 F.3d 38, 40 (2d Cir. 1989)), *adopted by,* 2009 U.S. Dist. LEXIS 12888 (S.D.N.Y. Feb. 19, 2009); *see also House v. Kent Worldwide Machine Works,* 359 Fed. Appx. 206, 207 (2d Cir. 2010) ("We have previously held that a hearing is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award."); *Alejo v. Darna Restaurant,* 09 Civ. 5436 (CM) (AJP), 2010 U.S. Dist. LEXIS 133613 at *7 (S.D.N.Y. Dec. 17, 2010).

Here, Plaintiffs' declarations, detailing the days they worked, their hours, the wages they were paid (as opposed to the amounts they were legally owed), and the amount of unpaid "out-of-pocket" costs and expenses of purchasing and maintaining the Plaintiffs' electric bicycles in working conditions for the sole benefit of Defendants, suffice to establish damages. *See Yin v. Kim,* No. 07 Civ. 1236 (DLI)(JO), 2008 U.S. Dist. LEXIS 118533, at *7 (E.D.N.Y. Mar. 7, 2008) ("Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing."), *adopted by,* 2008 U.S. Dist. LEXIS 26064 (E.D.N.Y. Mar. 31, 2008); *Da Silva,* 2010 U.S. Dist. LEXIS 112832 at *13 (finding that although plaintiffs' submissions, which consisted of sworn declarations, were "sparse, at best," "in the default context, where the defendants have failed to dispute plaintiffs' allegations," plaintiffs have provided "a sufficient basis for determination of damages without a hearing").

Thus, Plaintiffs' declarations sufficiently establish the basis for their request for damages so that no in-person inquest is necessary. *Alejo,* 2010 U.S. Dist. LEXIS 133613 at *7; *Cesario,* 2008 U.S. Dist. LEXIS 103155 at *3-4.

## V.    PLAINTIFFS' DAMAGES CALCULATION.

### A.    Plaintiffs May Recover Unpaid Wages at the Ordinary, Statutorily Prescribed Minimum Wage and Overtime Rates.

1.    Defendants Are Not Entitled To A "Tip Credit."

Under limited circumstances, an employer may pay a tipped employee an hourly wage that is less than the minimum wage where the amount of tips the employee actually receives, added to the hourly wage the employer pays, is at least equal to the minimum wage.  29 U.S.C. § 203(m); 12 N.Y.C.R.R. §§ 137-1.1-1.3.    However, both the FLSA and NYLL prohibit employers from taking a tip credit unless the following conditions are satisfied:

(1)    Defendants must prove that Plaintiffs were in fact tipped employees.   In this regard, an employee may not be classified as a "tipped employee," and thus receive the tip credit, on any day in which he or she is assigned to work in an occupation in which tips are not customarily received for either two hours or more or for more than 20 percent of his or her shift, whichever is less.  12 N.Y.C.R.R. §§  146-2.9, 146-3.3, 146-3.4; *Salinas v. Starjem Rest. Corp.*, 2015 U.S. Dist. LEXIS 106154, at *69 (S.D.N.Y. Aug. 12, 2015).

(2)    Defendants must prove that they informed Plaintiffs that their tips were being credited against their wages.  12 N.Y.C.R.R. 12 § 146-2.2(a); New York Dep't of Labor, Hosp. Industry Minimum Wage Info. Pub. LS209; *see Yan Yan v. 520 Asian Rest. Corp.*. 2014 U.S. Dist. LEXIS 174259, at *24-25 (S.D.N.Y. Dec. 17, 2014);

(3)    Defendants must prove that they maintained sufficient records for the tip credit. To satisfy this element, Defendants must have maintained records of the number of hours Plaintiffs worked daily and weekly, including the time of arrival and departure of each employee. Additionally, with every payment of wages, Defendants must have provided Plaintiffs with a statement listing hours worked, rates paid, gross wages, allowances claimed as part of the minimum wage, deductions, and net wages.  29 U.S.C. §§ 203, 254, 211(c); 29 C.F.R. § 516; N.Y. Lab. Law § 195; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct.

18

1187, 90 L.Ed. 1515 (1946); *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003);

*Tho Dinh Tran v. Alphonse Hotel Corp*., 281 F.3d 23 (2d Cir. 2002); *see also* Modern Federal

Jury Instructions-Civil, CHAPTER 85, FAIR LABOR STANDARDS ACT, Matthew Bender

§ 85.11 (2015);

      (4)     Defendants must prove that Plaintiffs retained all the tips received from customers.

29 U.S.C. § 203(m); N.Y. Lab. Law § 196-d; 12 N.Y.C.R.R. § 146-2,14(e); *Barenboim v.*

*Starbucks Corp.*, 698 F.3d 104, 110 (2d Cir. 2012); *Shahriar v. Smith & Wollensky Rest. Group,*

*Inc.*, 659 F.3d 234, 240 (2d Cir. 2011); *Mendez v. Int'l Food House Inc*., 2014 U.S. Dist. LEXIS

121158, at *13-16 (S.D.N.Y. Aug. 28, 2014); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist.

LEXIS 135926, at *17-18 (S.D.N.Y. Sept. 20, 2013); and

      (5)     Defendants must prove that an employer is entitled to tip credit only with respect

to (i) tipped duties and (ii) non-tipped duties that employees performed incidental to their tip-

producing occupation.  Non-tipped duties may be considered incidental when they do not exceed

20 percent of an employee's overall duties.  However, if a tipped employee spends a substantial

amount of time (that is, more than 20%) engaged in such non-tip producing activities, the

employer must pay the full minimum wage for the hours in which the employee performed non-

tipped tasks.  If the tip credit is applicable, then Plaintiffs' total pay – the hourly wage plus the

amount attributed to tips – must be equal to or greater than the applicable minimum wage as per

the labor laws.  12 N.Y.C.R.R. §§ 146-2.9, 146-3.3, 146-3.4; *Salinas v. Starjem Rest. Corp.*,

2015 U.S. Dist. LEXIS 106154, at *69 (S.D.N.Y. Aug. 12, 2015); *Chhab v. Darden Rests., Inc.*,

2013 U.S. Dist. LEXIS 135926, at *9-13 (S.D.N.Y. Sept. 20, 2013); *see also* 29 C.F.R.

§ 531.56(e) (related but non-tip producing tasks include, for example, cleaning and setting tables,

toasting bread, making coffee, and occasionally washing dishes or glasses); U.S. Dep't of Labor,

Field Operations Handbook § 30d00(e), *available at* http://www.dol.gov/whd/foh/index.htm ("maintenance and preparatory or closing activities" related non-tipped activities); U.S. Dep't of Labor, Wage and Hour Division, Fact Sheet No. 15A: Ownership of Tips Under the Fair Labor Standards Act (FLSA) (July 2013); Matthew Bender, Modern Federal Jury Instructions – Civil, Chapter 85, Fair Labor Standards Act § 85.18 (2015).

In the instant case, Plaintiffs were in fact non-tipped employees since they had to spend at least two hours a day to work on the side works, where Plaintiffs would not earn any tip from doing side works. (*See* **Ex. G**, C. Li Decl. at ¶ 4; **Ex. H**, G. Li Decl. at ¶ 4; **Ex. I**, J. Li Decl. at ¶ 4; **Ex. J**, Wang Decl. at ¶ 4; **Ex. K**, Zhang Decl. at ¶ 4.) Furthermore, Plaintiffs spent a substantial amount of time of more than 20% of their time on every of their working day to do side works, which was non-tip producing activities. (*See id.*) Lastly, Defendants failed to maintain sufficient records for the tip credit since Defendants failed to maintain records of the number of hours Plaintiffs worked daily and weekly, including the time of arrival and departure of each employee and failed to provided Plaintiffs with a statement listing hours worked, rates paid, gross wages, allowances claimed as part of the minimum wage, deductions, and net wages. (*See* Ex. A, Compl. at ¶¶ 38, 39, 70, 71, 72, and 73.) Accordingly, Defendants are not entitled to a "tip credit."

> 2.   The Applicable Minimum Wage Should Be the Higher of the Federal and State Minimum Wage for the Relevant Time Period.

In calculating damages arising from minimum wage, overtime, and spread-of-hours violations, the applicable minimum wage should be the federal or state minimum wage, whichever is higher at the relevant time. The federal minimum wage is intended to be a floor, not a ceiling. 29 U.S.C. § 218(a). "[A] plaintiff may recover under the statute which provides the greatest amount of damages." *Wicaksono v. XYZ 48 Corp*, No. 10 Civ. 3635, 2011 U.S. Dist.

LEXIS 55771, at *8 (S.D.N.Y. May 2, 2011), *adopted by* 2011 U.S. Dist. LEXIS 55734 (S.D.N.Y. May 24, 2011) (*citing Jiao v. Shi Ya Chen*, No. 03 Civ. 165, 2007 U.S. Dist. LEXIS 96480, at *57 (S.D.N.Y. Mar. 30, 2007)). During the relevant periods, N.Y.L.L. provided a higher minimum wage rate than the FLSA, and therefore plaintiff will be compensated according to the N.Y.L.L. minimum wage rate.  *Compare* N.Y.L.L § 652(1) *with* 29 U.S.C. § 206(a)(1).

### B.     Trade Tools or Bicycles.

The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to their employers.   29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 531.35; 12 N.Y.C.R.R. § 137-2.5(b).  Plaintiffs were required to provide electronic bicycles to make deliveries.  Plaintiffs were also required to maintain them during their course of employment with the Defendants.  Defendants never supplied Plaintiffs with any bicycle, nor did they reimburse Plaintiffs for any maintenance or replacement costs. Therefore, Plaintiffs are entitled to reimbursement of the actual costs of purchasing and maintaining the electric bicycles used for the sole benefits of the Defendants.  *See Ke v. Saigon Grill, Inc.,* 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008).  The cost of the Plaintiffs' purchasing and maintaining an electric bicycle in the sum of $1,000.00 a year is reasonable.

### C.     Statutory Damages under WTPA.

According to the Wage Theft Prevention Act, effective February 27, 2015, Plaintiffs are entitled to recover from the Defendants (1) daily awards of $250.00 per day up to five thousand dollars ($5,000.00) per Plaintiff for the Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, and (2) daily awards of $50.00 per day up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages,

any allowances claimed as part of the minimum wage, and the employee's gross and the net wages for each pay day.  L.2014 ch. 537, § 2; NYLL §§ 195(1) & (3) and §§ 198 (1-b) & (1-d).

### D.      Plaintiffs Are Entitled to Liquidated Damages under the FLSA and NYLL.

Both the FLSA and the NYLL provide for liquidated damages in addition to actual damages.  The FLSA provides for liquidated damages of 100 percent.  29 U.S.C. § 216(b).  The NYLL provides for liquidated damages of 25% for labor law violations prior to April 9, 2011 and then 100% for labor law violations on and after April 9, 2011.  NYLL §§ 198, 663.

#### 1.      FLSA Liquidated Damages.

An employer who willfully violates the FLSA is liable for the unpaid wages and an additional equal amount as liquidated damages.   29 U.S.C. § 216(b); *see Yuquilema v. Manhattan's Hero Corp.,* No. 13-cv-461 (WHP)(JLC), 2014 WL 4207106, at *7 (S.D.N.Y. Aug. 20, 2014) (citing 29 U.S.C. § 216(b)), *report and recommendation adopted,* No. 13-cv-461, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *see also Barfield v. N.Y.C. Health and Hosps. Corp.,* 537 F.3d 132, 150 (2d Cir. 2008).  An employer is liable for liquidated damages unless it can demonstrate that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate FLSA.  *See Barfield,* 537 F.3d at 150 ("To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'").  "Under the FLSA, double damages are the norm unless a defendant shows that it acted in good-faith and that its conduct was lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it."  *Ayres,* 12 F. Supp. 2d at 309 (internal quotations omitted).

The Second Circuit has explained that "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness.  The burden,

under 29 U.S.C. § 260, is a difficult one to meet, however, and 'double damages are the norm, single damages the exception.'"  *Reich v. Southern New England Telecomms. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997) (citations and internal quotation marks omitted); *see also Brock v. Wilamowsky,* 833 F.2d 11, 20 (2d Cir. 1987) ("The Act does not authorize the court to decline to award liquidated damages, in whole or in part, unless the employer has established its good-faith, reasonable-basis defense.").

Here, where the Defendants have defaulted, it certainly has not met its burden to demonstrate that its failure to pay Plaintiffs in compliance with federal and state law was somehow in "good faith."  *See Zhao,* 2010 U.S. Dist. LEXIS 121335 at *24 ("Because the defendant has ceased defending this action and a default judgment has been ordered, the defendant has not carried the burden of showing that an award of liquidated damages is inappropriate.  Therefore, liquidated damages are appropriate under both federal and state law.").

2.      NYLL Liquidated Damages.

While the NYLL also provides for liquidated damages for wage-claim violations, *e.g., Santana v. Brown,* No. 14-cv-4279 (LGS), 2015 WL 4865311, at *4-5 (S.D.N.Y. Aug. 12, 2015), for violations that occurred prior to November 24, 2009, an employee must establish "that [the] employer's violation was willful," *Galeana v. Lemongrass on Broadway Corp.,* 120 F. Supp. 3d 306, 317-18 (S.D.N.Y. 2014), and can only recover liquidated damages in the amount of 25% of the total unpaid wages for violations before April 9, 2011, *Begum v. Ariba Disc., Inc.,* No. 12-cv-6620 (DLC), 2015 WL 223780, at *5 (S.D.N.Y. Jan. 16, 2015).  However, an amendment to the NYLL, effective November 24, 2009, "incorporated the federal standard" and shifted the burden of proving good faith to the employer.  *Galeana,* 120 F. Supp. 3d at 317; *Blue,* 2010 U.S. Dist. LEXIS 73223 at *28 (report and recommendation) ("The test for determining willfulness under

the NYLL is the same test used to determine willfulness under the FLSA."); *Ayres,* 12 F. Supp. 2d at 309 ("A violation of the New York Labor Law is willful . . . . [n]o finding of malice or bad faith, however, is necessary."); *Moon v. Joon Gab Kwon,* 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002); *see also* NYLL § 198(l-a) (permitting liquidated damages unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law"). Another amendment to the NYLL, effective April 9, 2011, authorized liquidated damages amounting to 100% of the total unpaid wages for violations thereafter. *See* NYLL § 663(l); *see also Pinzon,* 2012 WL 4174725, at *4 & n.1 (denying retroactive application of the amended NYLL liquidated damages provisions); *McLean v. Garage Mgmt. Corp.,* No. 09-cv-9325 (DLC), 2012 WL 1358739, at *9 (S.D.N.Y. Apr. 19, 2012) (same).   Since, as discussed *supra,* Defendants' wage and hour violations were willful, Plaintiffs are entitled to liquidated damages under the NYLL.

Moreover, Plaintiffs may be awarded liquidated damages under both the FLSA and NYLL for the same time periods because these damages, though sharing the same name, serve fundamentally different purposes.  "A prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both."  *Ke v. Saigon Grill,* 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008) (citations and quotations omitted).  "Because liquidated damages under the FLSA and the [NYLL] serve fundamentally different purposes, a plaintiff may recover liquidated damages under both the FLSA and the Labor Law."  *Cao,* 2010 U.S. Dist. LEXIS 109373 at *16. Liquidated damages under the FLSA are the functional equivalent of prejudgment interest; they are "not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA."  *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 142 (2d Cir. 1999); *see also Reich,* 121 F.3d at 71 ("Liquidated damages under the FLSA are considered compensatory rather than punitive in

nature."). The compensatory nature of FLSA liquidated damages is further underlined by the allocation of the burden of proof to the defendant, who must make an affirmative showing of good faith to avoid liability. *Brock,* 833 F.2d at 19. By contrast, liquidated damages under the NYLL are punitive in nature; they " 'constitute a penalty' to deter an employer's willful withholding of wages due." *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999) (quoting *Carter v. Frito-Lay, Inc.,* 425 N.Y.S.2d 115, 116, 74 A.D.2d 550, 551 (1st Dep't 1980)), *cert. denied,* 528 U.S. 1119 (2000).

In the instant case, the calculations for liquidated damages for each Plaintiff reflect: (1) FLSA liquidated damages, covering up to three years of plaintiffs Changxing Li, Guomin Li, and Yuxiang Wang and the entirety of plaintiffs Jian Li and Min Zhang's employment, based upon damages arising from minimum wage and overtime pay violations; and (2) NYLL liquidated damages, covering only the Defendants' violations concerning spread-of-hours pay and the damages arising from minimum wage and overtime pay violations beyond the FLSA's three year statute of limitations for plaintiffs Changxing Li, Guomin Li, and Yuxiang Wang.

*Plaintiffs, however, request the Court to permit the plaintiffs to seek the NYLL liquidated damages covering the **entirety** of Plaintiffs' employment, based upon damages arising from minimum wage and overtime pay violations, as well as from violations concerning spread-of-hours pay.*

**E.      Plaintiffs Are Entitled To Prejudgment Interest on Their NYLL Claims.**

Plaintiffs are also entitled to prejudgment interest at a statutory rate of nine percent, on any award of damages under the NYLL (withheld tips and spread of hours pay) as well as damages for minimum wages and overtime for which Plaintiffs could recover under both the NYLL and FLSA. *See* N.Y. C.P.L.R. §§ 5001, 5004; *Kopec v. GMG Construction,* 09-CV-2187 (KAM) (ALC), 2010 U.S. Dist. LEXIS 104844 at *12 (E.D.N.Y. Sept. 10, 2010) ("Although Plaintiffs cannot recover both liquidated damages and prejudgment interest under the FLSA, they

may recover NYLL prejudgment interest on unpaid wages that were awarded under both the FLSA and NYLL, even where FLSA liquidated damages have also been awarded based on that amount.")

Prejudgment interest may be awarded in addition to any liquidated damages that the Court may award. *See Reilly,* 181 F .3d at 265 (holding that even where a plaintiff is awarded liquidated damages under the NYLL, prejudgment interest still is appropriate), *cert. denied,* 528 U.S. 1119 (2000); *Vasquez v. Ranieri Cheese Corp.,* 07-cv-464-ENV-VVP, 2010 U.S. Dist. LEXIS 29431 at *58 (E.D.N.Y. Mar. 25, 2010) ("In contrast to federal law, an award of liquidated damages under New York law is punitive in nature, so an employee awarded liquidated damages under New York law may also recover pre-judgment interest."); *Liu v. Jen Chu Fashion Corp.,* 00 Civ. 4221 (RJH) (AJP), 2004 U.S. Dist. LEXIS 35, at *16 (S.D.N.Y. Jan. 7, 2004) (same); *see also Blue,* 2010 U.S. Dist. LEXIS 73223 at *35-36 ("'To the extent . . . damages awarded to the plaintiff represent compensation for lost [back] wages, 'it is ordinarily an abuse of discretion not to include prejudgment interest.'") (citation and internal quotation marks omitted).

Therefore, based on the foregoing, the damages Plaintiffs seek and are entitled to are: (1) the full minimum wage for each regular hour worked, (2) the full overtime rate for each overtime hour worked, (3) spread-of-hours premiums for each workday exceeding ten hours, (4) cost to purchase and maintain electronic bicycles, (5) liquidated damages under federal and state law, (6) New York statutory damages for invalid notice; (7) New York statutory damages for invalid wage statement; (8) prejudgment interest on their NYLL claims, and (9) attorney fees and expenses. *See Chan,* 2007 U.S. Dist. LEXIS 7770 at *70-84 (awarding each of these elements of damages). (*See* Yan Decl. at ¶ 12.)

## VI.    REASONABLE ATTORNEYS' FEES AND COSTS.

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Fees and costs are also awardable under the NYLL with respect to the state law claims.  NYLL § 198; *Cao v. Wu Liang Ye Lexington Restaurant,* 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, at *22-23 (S.D.N.Y. Sept. 30, 2010).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008).  Prior to *Arbor Hill,* this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee."  *Id.* at 183; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *22.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'"  *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *20 (quoting *Grant,* 973 F.2d at 99)).  "The 'most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff.'"  *Wong v. Hunda Glass Corp.,* 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, at *3 (S.D.N.Y. Sept. 1, 2010).

Plaintiffs' attorney has submitted a compilation of his time records for the Court's consideration on this motion. (Yan Decl. at ¶¶19-23, **Ex. M,** Attorney's contemporaneous time records.)  The Court should find that all attorney hours spent on this case were reasonable under

the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

With respect to determining a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill,* 522 F.3d at 184; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *23-24.   The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA NY. City Transit Auth.,* 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted).   In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rei. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,* 450 F.3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiffs' attorney who specializes in wage and hour cases seeks a rate of $400 per hour.   This rate reflects the relatively straightforward nature of this non-class action case that resulted in a default judgment.   Courts frequently have approved this rate for attorneys with similar experience. *See Cao,* 2010 U.S. Dist. LEXIS 109373 at *22; *Rios v. Neighborhood Construction Corporation,* No. 07 Civ. 8701 (LTS), 2009 U.S. Dist. LEXIS 95629 at *7 (S.D.N.Y. Oct. 14, 2009) (approving rate of $400); *Lin v. Hayashi Ya II, Inc.,* 08-cv-6071 (SAS)(AJP), 2009 U.S. Dist. LEXIS 12963 at *34 (S.D.N.Y. Jan. 30, 2009).   This case involved five plaintiffs who do not speak English fluently.   There was significant discovery and preparation for a default judgment.   Based on the circumstances, the fees are reasonable.

The small amount of costs in the sum of $660.90 sought by Plaintiffs is also reasonable. (Yan Decl. at ¶ 24, **Ex. N,** Summary of Costs and Expenses.)   Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their

clients." *LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998).  Here, Plaintiffs are only seeking costs and expenses related to their court filings and process of services.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and award damages in the amounts set forth herein.

Dated: Flushing, New York
        December 16, 2016

Respectfully submitted,

**LAW OFFICES OF DAVID YAN**

By:    /s/ David Yan/
        David Yan (DY2343)
        Law Offices of David Yan
        136-20 38th Avenue, Suite 11E
        Flushing, New York 11354
        Tel:  (718) 888-7788

*Attorney for Plaintiffs*

29