**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHANGXING LI, GUOMIN LI, JIAN LI,        :
YUXIANG WANG, and MIN ZHANG,             :
                                         :
                    Plaintiffs,          :
                                         :
            -against-                    :
                                         :
KAI XIANG DONG, LING LIN, IRON SUSHI     :
THIRD AVENUE, INC. d/b/a IRON SUSHI,     :
IRON SUSHI LOVE, INC. d/b/a IRON SUSHI,  :
IRON SUSHI FUSION, INC. d/b/a IRON SUSHI, :
                                         :
                    Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



MEMORANDUM DECISION
AND ORDER

15 Civ. 7554 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs, former employees of the Iron Sushi restaurant, brought this action against their

former employers alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq*., and the New York Labor Law ("NYLL"). (Am. Compl., ECF No. 29, at 1-

2.)[1] On December 16, 2016, Plaintiffs moved for default judgment in the amount of $669,922.75.

(Pls.' Mot. Default J., ECF No. 51); (Decl. of David Yan, ECF No. 53, Ex. O.)[2]

Before this Court is Magistrate Judge Andrew J. Peck's March 7, 2017 Report and

Recommendation ("Report," ECF No. 54), recommending that a default judgment be entered

against all Defendants, holding them jointly and severally liable in the amount of $379,677.71,

plus continuing prejudgment interest.[3] (*Id*. at 47.) This Court adopts that recommendation.

---

[1] Plaintiffs initially moved for default judgment on August 6, 2016 (ECF No. 21), but withdrew that motion before filing and serving the Amended Complaint.

[2] Before filing the present motion, Plaintiffs requested the Clerk of Court to enter a default as to Defendants on the ground that they had failed to answer, move, or otherwise respond to the Complaint. (*See* ECF Nos. 41, 48.) The Clerk of Court issued the certificate of default on December 9, 2016. (ECF No. 50.)

[3] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

## I.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 47-48.) No objection to the Report has been filed.

Default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Where a defendant has defaulted, the district court must accept as true the well-pleaded allegations of the complaint. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). To determine the amount of damages that should be awarded on a default judgment, Rule 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

## II.   DEFAULT JUDGMENT

Defendants have never appeared in this action, responded to Plaintiffs' Complaint or to the motion for a default judgment, or otherwise contacted this Court to request an extension to submit any responses. Nor have Defendants filed any objections to the Report. Accordingly, this Court

finds that a default judgment is appropriate in this action. The Report also properly determined that a hearing on damages is not required because Plaintiffs' submissions establish their damages to a reasonable degree of certainty. (Report at 7-8.)

### III.   JOINT AND SEVERAL LIABILITY

The Report correctly found that Plaintiffs have sufficiently alleged that Kai Xiang Dong and Ling Lin are employers under the FLSA and NYLL. (*Id.* at 45-46.) In light of their default, Defendants are jointly and severally liable along with Iron Sushi. (*Id.* at 46.)

### IV.   DAMAGES UNDER THE FLSA AND NYLL

#### a.   Statute of Limitations

The Report properly found that a six-year statute of limitations applies to Plaintiffs' NYLL claims and a three-year statute of limitations applies to their FLSA claims. (*Id.* at 8-9.) Accordingly, Plaintiffs are entitled to FLSA damages from September 24, 2012 (three years before they filed the complaint) and NYLL damages from the beginning of their employment. (*Id.* at 9.)

#### b.   Minimum Wage and Overtime Pay

The Report correctly determined that Defendants are not entitled to the FLSA or NYLL "tip credit" because they failed to meet the statutory notice requirements. (*Id.* at 10-11.) Having found no clear error in the unpaid minimum and overtime wage calculations in the Report, this Court adopts the Report's recommended awards as follows: $62,981.03 for Changxing Li; $67,765.63 for Guomin Li; $27,233.99 for Jian Li; $59,100.89 for Yuxiang Wang; and $32,885.05 for Min Zhang. (*Id.* at 11-19.)

#### c.   Spread of Hours Pay

The Report correctly determined that Plaintiffs are entitled to spread of hours pay for the entire employment period. (*Id.* at 19.) Having found no clear error in the Report's calculations,

this Court adopts the Report's recommended unpaid spread of hours wages as follows: $7,450.72 for Changxing Li; $8,706 for Guomin Li; $2,975.79 for Jian Li; $5,314.11 for Yuxiang Wang; and $2,900.54 for Min Zhang.  (*Id.* at 20-21.)

### d.  Trade Tools

The Report reasonably concluded that Plaintiffs should be reimbursed for the purchase and maintenance of electric bicycles in the amount of $1,000 per person and $10 per week for repairs. (*Id.* at 21-22.)  This Court adopts the Report's recommended awards as follows: $2,611.43 for Changxing Li; $2,904.29 for Guomin Li; $1,634.29 for Jian Li; $2,364.29 for Yuxiang Wang; and $1,692.86 for Min Zhang.  (*Id.* at 23.)

### e.  Statutory Damages

Because Plaintiffs never received any payment statements or annual wage notices, the Report properly determined that four of the Plaintiffs—Changxing Li, Guomin Li, Yuxiang Wang, and Min Zhang—are entitled to the maximum statutory damages of $10,000 each under the Wage Theft Prevention Act ("WTPA").  (*Id.* at 23-25.)  Plaintiff Jian Li is only entitled to $5,000 under the WTPA because his employment concluded prior to February 27, 2015.  (*Id.*)

### f.  Liquidated Damages

The Report reasonably concluded that Plaintiffs should not be awarded double liquidated damages under the FLSA and the NYLL for the same time period.  (*Id.* at 25-29.)  Rather, Plaintiffs are entitled to single liquidated damages totaling 100% of their minimum, overtime, and spread of hour wage claims.  This Court agrees with the following total liquidated damages awards for each Plaintiff: $70,431.75 for Changxing Li; $76,471.63 for Guomin Li; $30,209.78 for Jian Li; $64,415 for Yuxiang Wang; and $35,785.59 for Min Zhang.  (*Id.* at 30.)

### g.  Prejudgment Interest

The Report reasonably concluded that an award of accrued interest is proper as to Plaintiffs' NYLL unpaid minimum wage, overtime, spread of hours, and wage statement and wage notice violation claims.  (*Id.* at 31-35.)  This Court adopts the Report's recommendation that Plaintiffs be awarded interest calculated at nine percent per annum, yielding prejudgment interest in the following amounts: for Changxing Li, $5,719.92 plus continuing prejudgment interest of $3.92 per day; for Guomin Li, $10,827.40 plus continuing prejudgment interest of $6.60 per day; for Jian Li, $754.82 plus continuing prejudgment interest at a rate of $0.73 per day; for Yuxiang Wang, $3,896.39 plus continuing prejudgment interest of $2.74 per day; and for Min Zhang, $576.72 plus continuing prejudgment interest of $0.72 per day.  (*Id.* at 32-35.)

## V.    ATTORNEYS' FEES AND COSTS

The Report properly determined that Plaintiffs should be awarded $23,972.55 in attorneys' fees.  (*Id.* at 44.)  First, the Report properly reduced David Yan's hourly rate to $350 based on the prevailing rates for lawyers of equivalent experience in this district.  (*Id.* at 40.)  Second, the Report properly applied a 15 percent across-the-board hours reduction given that numerous billed entries were administrative in nature.  (*Id.* at 41-44.)  The Report also reasonably concluded that Plaintiffs should be awarded $400 in costs, which reflects the filing fee for this action.  (*Id.* at 36.)

## VI.    CONCLUSION

Magistrate Judge Peck's Report and Recommendation is adopted.  The Plaintiffs' motion for default judgment is GRANTED.  The Defendants are jointly and severally liable to Plaintiffs in the following amounts: $88,763.10 for Changxing Li (plus continuing prejudgment interest of $3.92 per day); $100,203.32 for Guomin Li (plus continuing prejudgment interest of $6.60 per day); $37,607.89 for Jian Li (plus continuing prejudgment interest of $0.73 per day); $80,675.68

for Yuxiang Wang (plus continuing prejudgment interest of $2.74 per day); $48,055.17 for Min

Zhang (plus continuing prejudgment interest of $0.72 per day); and $24,372.55 in attorneys' fees

and costs.

    The Clerk of Court is directed to close the motion at ECF No. 51 and this case.

Dated: New York, New York
      March 31, 2017

MAR 3 1 2017

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge